UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | |
|---|---|
| Plaintiff, | Case No.: 2:13-cr-00148-JAD-GWF |
| vs. | **Order Granting the Government's Motion to Reconsider Portion of Omnibus Order re: Motion in Limine # 143 [#195]** |
| Julio de Armas Diaz, Alexis Torres Simon, and Alexander Del Valle-Garcia, | |
| Defendants. | |

The trial of this matter is scheduled to begin on Monday, April 28, 2014. On the morning of Friday, April 25th, the Court entered order #194, which resolved several motions in limine seeking evidentiary rulings for trial. The Court held, *inter alia,* that co-defendant Alexis Torres Simon's statements from a telephone conversation late on April 7th were sufficiently corroborated by evidence of Defendant Garcia's participation in the conspiracy as of the time that conversation occurred, and the Court considered that corroborating evidence along with the April 7th conversation to find by a preponderance of the evidence that Garcia was participating in the conspiracy by at least the time of that phone call on April 7th. Doc. 194 at 15-17.

The government immediately filed a Motion to Reconsider the portion of the Order deciding Defendant Garcia's Motion in Limine to Exclude Co-Conspirator Statements [Doc. 143]. As the government points out in its motion, the Court misconstrued the legal authority

and erroneously held that all coconspirator statements before the late April 7th call are inadmissible against Garcia. Doc. 195 at 1-2. Having considered the government's motion and heard oral argument by counsel for the government and counsel for Garcia at Friday's 1:00 p.m. hearing, the Court agrees that it misapplied the ruling in *United States v. Segura-Gallegos*, 41 F.3d 1266, 1272 (1994), which recognizes that "it does not matter that there was no evidence of [the defendant's] participation in the conspiracy before [the moment he joined it]. Statements of his co-conspirators are not hearsay even if they were made before [that defendant] entered the conspiracy." Accordingly, the Court reconsiders and vacates its previous order (#194) in part as set forth below.

**A.    Scope of admissibility of coconspirator statements**

*Segura-Gallegos* makes the distinction that coconspirator statements made before a defendant joins the conspiracy are not admissible to show his *participation*" to trigger the coconspirator exception to the hearsay rule, but once the exception has been established by a preponderance of the evidence, earlier coconspirator statements come in, too. *Segura-Gallegos*, 41 F.3d at 1272 (emphasis in original). The case on which the Ninth Circuit relied in articulating that principle (*United States v. Gee*, 695 F.2d 1165 (9th Cir. 1983), which itself relies on *United States v. Williams*, 668 F.2d 1064 (9th Cir. 1981), and *United States v. Eubanks*, 591 F.2d 513 (9th Cir. 1979), and all of which discuss the use of coconspirator statements in the context of determining whether the hearsay exception applies, which is the job of the court, not the jury) supports this interpretation. As this Court has found by a preponderance that Garcia was a participant in the conspiracy with Simon and Diaz at least by the late April 7th phone call, under Ninth Circuit law, any of Garcia's coconspirator's statements made before that time and in furtherance of the conspiracy and while the conspiracy existed are admissible against him. *Segura-Gallegos*, 591 F.2d at 1271-72.

The Court has already concluded that the statements made during the April 7th car-

1  ride conversation qualify as co-conspirator statements because they were made during the
2  existence of the conspiracy and in furtherance of it.  *See* Doc. 194 at 8-11.  Thus, the Court
3  moves backward along the timeline of recorded conversations in this case and next considers
4  whether the April 4th conversation between Simon and the confidential human source
5  ("CHS"), *see* Doc. 143-1 at 44-53, occurred during the existence of the conspiracy and was
6  in furtherance of that conspiracy.

**B.    The April 4th statements were made in furtherance of the conspiracy.**

Simon's statements appear to be made in furtherance of the conspiracy because Simon explains in detail the need for additional help, and he talks about many of the planning details.  That these statements were made to the CHS does not prevent them from being made in furtherance of the conspiracy.  "It is well established that statements made by a co-conspirator need not be made to a member of the conspiracy to be admissible under rule 801(d)(2)(E)."  *United States v. Zavala-Serra*, 853 F.2d 1512, 1516 (9th Cir. 1988).  "When inquiring whether a statement was made "in furtherance of" a conspiracy, we do not focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement."  *Id*.  As the Court finds that Simon's statements indicated he believed he was turning to the CHS for help in this heist, his statements were made in furtherance of the conspiracy.  *Id*.

**C.    The evidence of the status of the conspiracy on April 4th is insufficiently developed to allow the Court to conclude at this time that the April 4th conversation occurred during the existence of a conspiracy.**

Garcia argues[1] that there was no conspiracy on April 4th as the Court already held that

---

[1] The Court heard extensive argument from Garcia's counsel at the April 25th hearing in opposition to the government's motion for reconsideration.  The Court does not agree with Garcia's representation in his Objections to Court's Order (Doc. 199) that Garcia was not permitted sufficient opportunity to argue these issues.  Garcia's counsel was well prepared to address the issues at the hearing and the Court permitted counsel to do so.  Garcia's objections (Doc. 199) offer nothing that was not provided in oral argument or in Garcia's reply in support of the original motion in limine. (Doc. 161).

there is insufficient proof that Garcia joined the conspiracy before the late August 7th call, and Simon's April 4th statements make it clear that, at that time, he was intending to exclude Diaz from the heist.  Having reviewed the evidence—particularly the April 4th calls between Simon and the CHS—the Court finds that it has not yet been provided with the evidentiary basis necessary to conclude that there was an active "conspiracy" between Simon and anyone but the CHS at the time of the April 4th calls.  During those calls, Simon indicates that he wants to recruit additional members (for a total of 4 including himself and the CHS) for the heist.  *See* Doc. 143-1 at 48-49 & 52.  When the CHS asks him whether Diaz will be there, Simon responds, "No, no no," and that he told "Ale" not to "mention any of this" to Diaz.  *Id*. at 49.  Simon also mentions he "was going to do it with Reinol," but "today he chickened out," so Simon was "going to look for people. . . ."  *Id*.  The government points to "Garcia's 14 phone calls with Simon on April 4 and Simon's phone call to Garcia between calls to the source during which they discussed the robbery plan," Doc. 195 at 2, n.2, but this Court already found that this evidence was insufficient to show Garcia's agreement on April 4th, and the government offers no evidence about what Diaz's state of mind was that day.  Accordingly, the evidence submitted to the Court at this time does not demonstrate the existence of a conspiracy on April 4th between anyone but Simon and the CHS, and the Ninth Circuit has long recognized that a government informant cannot be deemed a coconspirator.  *See United States v. Escobar de Bright*, 742 F.2d 1196, 1199-1200 (9th Cir. 1984); *accord*, *United States v. Young*, 13 Fed. Appx. 713, 714 (9th Cir. 2001) ("a government informant[] cannot be deemed a coconspirator").

Accordingly, because the Court has not yet been presented with sufficient evidence of an existing conspiracy on April 4th, Simon's statements in the April 4th phone calls may not be admitted against Diaz and Garcia as a coconspirator's statement absent further offer of adequate proof.  Counsel for Garcia shall provide the Court with a proposed jury instruction

by the start of trial that properly advises the jury that Simon's April 4th statements may not be considered as evidence against Diaz and Garcia.  The government is further directed to redact from the April 4th transcripts any reference the names "Alexander" and "Ale" prior to the introduction of the transcripts at trial.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Government's Motion to Reconsider (Doc. 195) is granted in part and denied in part.  The Court's April 25th Omnibus Order (Doc. 194) is amended as set forth herein.  IT IS FURTHER ORDERED that Garcia's Objections to the Court's Order are DENIED.

IT IS FURTHER ORDERED that Simon's statements in the April 4th phone calls may not be admitted against Diaz and Garcia as a coconspirator's statement absent further offer of adequate proof.  Counsel for Garcia shall provide the Court with a proposed jury instruction by the start of trial that properly advises the jury that Simon's April 4th statements may not be considered as evidence against Diaz and Garcia.  The government is further directed to redact from the April 4th transcripts any reference the names "Alexander" and "Ale" prior to the introduction of the transcripts at trial.

DATED: April 27, 2014.

_____
Jennifer A. Dorsey
United States District Judge