# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:13-cr-00148-JAD-GWF |
| Plaintiff/respondent | **Order Denying 28 U.S.C. § 2255 Petition and Certificate of Appealability and Denying all other Motions as Moot** |
| v. | |
| Julio de Armas Diaz, | [ECF Nos. 386–88] |
| Defendant/petitioner | |

After a ten-day jury trial, Julio de Armas Diaz was found guilty of numerous federal crimes,[1] and I sentenced him to 103 months of incarceration.[2] He now moves to vacate his sentence under 28 U.S.C. § 2255, asserting a single claim for ineffective assistance of counsel.[3] To prevail, de Armas Diaz must demonstrate that his attorneys performed deficiently and that he was therefore prejudiced.[4] De Armas Diaz "bears the burden of showing 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'"[5] But he merely alleges that his "counsel did not properly inform [him] of [the] outcomes of [trial] and did not properly prepare [themselves] for [his] case[.]"[6] This conclusionary statement fails to satisfy the claim's performance prong or to even address the

---

[1] ECF Nos. 239, 254.

[2] ECF Nos. 372 (amended judgment), 382 (Ninth Circuit decision affirming amended sentence).

[3] ECF No. 386.

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[5] *Hurles v. Ryan*, 752 F.3d 768, 779 (9th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687).

[6] ECF No. 386 at 3.

prejudice prong.[7] I therefore deny de Armas Diaz's petition and deny as moot his motions for appointment of counsel and to proceed in forma pauperis.

To appeal this order, de Armas Diaz needs a certificate of appealability from a circuit or district judge.[8] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[9] Although this standard is "lenient,"[10] I find that de Armas Diaz's failure to allege any facts to support his ineffective-assistance-of-counsel claim clearly precludes relief, and I therefore deny him the certificate. Accordingly,

IT IS HEREBY ordered that de Armas Diaz's **§ 2255 petition [ECF No. 386]** and **a certificate of appealability are DENIED.** The Clerk of Court is directed **to enter a separate civil judgment denying de Armas Diaz's § 2255 petition and denying a certificate of appealability.** The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:19-cv-00078-JAD.

IT IS FURTHER ORDERED that de Armas Diaz's motions for appointment of counsel and to proceed in forma pauperis **[ECF Nos. 387–88] are DENIED as MOOT.**

Dated: April 8, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[7] *See Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) ("Mere conclusory statements by the petitioner do not justify a [§ 2255 evidentiary] hearing. On the other hand, the petitioner need not detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." (citations omitted)).

[8] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

[9] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).

[10] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).